UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

BIN DONG,

                Plaintiff,

v.

CAJUN SEAFOOD CANTON, LLC, d/b/a
Hook & Reel

                Defendant.
_____/

Case No. 22-cv-
Hon.

ERIC STEMPIEN (P58703)
LAUREN A. GWINN (P85050)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com
lgwinn@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Bin Dong, by and through his attorneys, Stempien Law, PLLC, hereby complains against Defendant Cajun Seafood Canton, LLC, and in support thereof states:

1. Plaintiff Bin Dong ("Dong" or "Plaintiff") is a resident of the City of Brooklyn, Kings County, New York.

2. Defendant Cajun Seafood Canton, LLC ("Cajun" or "Defendant") is a Domestic Limited Liability Company located in the Township of Canton, Wayne County, Michigan and operates under the assumed name Hook & Reel.

3. Jurisdiction is vested with this Court pursuant to 28 USC §1331 and 42 USC §2000e, et. seq.

## GENERAL ALLEGATIONS

4. Dong was employed as a fry cook at Hook and Reel Restaurant in Canton, which is owned and operated by Defendant Canjun.

5. Dong began his employment on or about July 12, 2021.

6. Defendant told Dong that he would be paid approximately $4,200.00 per month.

7. Dong was working approximately 72 hours per week, working Tuesday through Sunday, or about 12 hours per day, 6 days per week.

8. As a fry cook, Dong was a nonexempt employee, as that term is defined by the Fair Labor Standards Act (FLSA).

9. As a result of working 72 hours per week, and 12 hours per day, Dong was entitled to overtime pay for all hours beyond 40 per week, at a rate not less than 1½ times his regular wage.

10. Defendant never paid Dong his overtime rate.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

11. Plaintiff hereby incorporates by reference all previous paragraphs as though fully set herein.

12. Pursuant to the Fair Labor Standards Act, 29 USC §201, et. seq., (FLSA) Defendant was required to pay wages to Plaintiff for all work performed, suffered, or permitted.

13. Defendant knew or had reason to believe that Plaintiff was working overtime each week.

14. At all relevant times, Defendant was an employer covered by FLSA.

15. At all relevant times, Plaintiff was an employee as defined under the FLSA.

16. At all relevant times, Plaintiff was not exempt from overtime pay pursuant to the FLSA.

17. Overtime pay must be one and one-half times an employee's regular wage for each hour that the employee works in excess of 40 in any week.

18. Defendant had a duty to pay Plaintiff his overtime rate for each hour that Dong worked in excess of 40 per week.

19. Defendant's failure to pay Plaintiff overtime was done in a knowing, willful, purposeful, intentional, and bad faith manner.

20. Under the FLSA, any time actually worked by the employee is compensable.

21. At all relevant times, Plaintiff's hours over 40 hours were compensable under the FLSA.

22. Plaintiff was not properly compensated for all work performed for Defendant.

23. Defendant owes Plaintiff all unpaid overtime wages.

24. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including but not limited to: lost wages, lost employment benefits, lost reimbursement benefits, attorney fees as allowed by statute, and liquidated damages as allowed by statute.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Lauren A. Gwinn*
By: Lauren A. Gwinn (P85050)
Attorney for Plaintiff

Dated: December 16, 2022